53 CCPA

**WILSON JONES COMPANY, Appellant,**

v.

**WILDMAN JACQUARD CO., Appellee.**

**Patent Appeal No. 7518.**

United States Court of Customs
and Patent Appeals.
March 24, 1966.

I. Walton Bader, New York City, for appellant.

Henry N. Paul, Jr., Philadelphia, Pa. (James W. Dent, Washington, D. C., E. Arthur Thompson, Philadelphia, Pa., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

1. Opposition No. 42,196.
2. Serial No. 135,075, filed January 2, 1962, use as of May 3, 1961 being alleged.
3. Reg. No. 708,710, Dec. 20, 1960, and Reg. No. 720,013, Aug. 15, 1961 are for

MARTIN, Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board, 142 USPQ 287, dismissing an opposition[1] by appellant, Wilson Jones Company, to an application[2] of appellee, Wildman Jacquard Co., to register the following mark for knitting machines and parts thereof, and pattern tape punching and duplicating machines therefor:

Registration has been opposed by Wilson Jones Company, prior registrant of several marks used on goods that broadly can be classified as office supplies.[3] The registered marks that are closest to the above depicted mark of appellee comprise the letters "WJ" within a circle as part of a composite mark, such as Registration No. 603,010, March 8, 1955, for columnar rule pads, first use as of November 16, 1953, being alleged:

Other composite mark registrations of appellant employ "WJ" within a circle, the word mark "WILSON JONES." The mark is the subject of Reg. No. 339,073, Sept. 22, 1936 for loose leaf binders, sheets, and paper fasteners.

depicted as white lettering on a black background in association with the company named "WILSON JONES" and other, disclaimed, wording:

The latter marks were registered for use on manually operated punches for punching paper;[4] for loose leaf binders, fillers, and indexes, commercial blank paper forms, expanding paper files, paper filing wallets, file folders, guides, bound bank books, and envelopes;[5] and for machine posting trays, racks, stands, and filing cabinets.[6] Additionally, there is of record a label indicating the separate use of "WJ" within a circle and further enclosed within a concentric border having the words "RECORD KEEPING ESSENTIALS" therein, which is recognizable as the central portion of the registrations 442,034, 443,107 and 444,-078. There is no evidence as to the date of use of such mark.

Appellant being prior,[7] the sole issue here is likelihood of confusion, mistake, or deception resulting from use of the marks on the respective goods. We are of the opinion that the goods are not so related that the marks would be likely to confuse, cause mistake or to deceive.

We agree with the board's statement:

What opposer seems to be arguing here is "confusion by definition", that is to say, a stapler is a machine, a knitting machine is a machine and, therefore, one being a machine and the other being a machine, they are of "the same descriptive properties". If we were to accept such a contention as being law, we would be obliged to hold that the use of the same mark on a can opener, a machine, and a steam shovel, also a machine, is likely to cause confusion. But this is not the law.

Opposer's products appear to be office supplies and according to its catalogue are sold through dealers. Applicant's product is completely unrelated to pads, punches for punching paper, binders, fillers and like stationery items, posting trays or autographic registers. Applicant's goods would be sold to manufacturers and would apparently move through channels of trade different from office supplies and equipment.

We think that although the trademarks in issue treat the first letters of the names of their companies, namely "W J" in various ways, the nature of the goods of the parties are sufficiently different that there is no likelihood of confusion. We are of this view even considering the above-mentioned label employing "W J" within a circle alone as appellant's closest mark, assuming, ar-

---

4. Reg. No. 444,078, July 11, 1950, first use as of July 9, 1946 being alleged.

5. Reg. No. 443,107, July 19, 1949, first use as of July 9, 1946 being alleged.

6. Reg. No. 442,034, Feb. 8, 1949, first use as of July 9, 1946 being alleged.

7. Both parties rely on their respective filing dates, and appellant submits on brief to this court.

guendo, its use as a mark, and its use prior to appellee's use had been proved.

For the foregoing reasons the decision of the board is affirmed.

Affirmed.

WORLEY, Chief Judge, did not participate.